**KELLEY DRYE & WARREN LLP**
Rebecca B. Durrant (SBN 350444)
rdurrant@kelleydrye.com
888 Prospect Street, Suite 200
La Jolla, CA 92037
Telephone: (212) 808-7551
Facsimile: (213) 547-4901

*Attorneys for Defendant*
*Kohl's, Inc.*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTNEY MEJICO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KOHL'S, INC., a Delaware Corporation,<br><br>Defendant. | Case No. **'25CV3315 BAS MMP**<br><br>**NOTICE OF REMOVAL**<br><br>[From the Superior Court of California, County of San Diego, Case No. 25CU058386C]<br><br>Action Filed:     October 28, 2025<br>Complaint Served:  October 29, 2025<br>Removal Date:     November 26, 2025 |

CASE NO.
NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, defendant Kohl's, Inc. ("Kohl's") hereby removes the above-captioned putative class action from the Superior Court of California, County of San Diego, to the United States District Court for the Southern District of California. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d). In support of removal, Kohl's states the following:

1.　On October 28, 2025, Plaintiff filed a putative class action complaint against Kohl's in the Superior Court of California, County of San Diego, captioned *Brittney Mejico v. Kohl's, Inc.*, Case No. 25CU058386C (the "State Court Action").

2.　A copy of the complaint in the State Court Action is attached hereto as **Exhibit A** (the "Complaint").

3.　The Complaint alleges that Kohl's "promotes its products through unlawful spamming" by causing its products to be advertised in an email that contained allegedly misleading coupon information. (*See* Compl. ¶¶ 11, 15, 17.) Specifically, Plaintiff alleges that Kohl's violated California's anti-spam statute, Cal. Bus. & Prof. Code § 17529.5 (the "Anti-Spam Statute"). (*Id.* ¶¶ 29–33.)

4.　Plaintiff purports to bring the claims on behalf of a California class of persons, with the following proposed membership:

> All natural citizens of California who received any commercial e-mail at a California e-mail address with a misleading subject line promoting any discount at Kohl's.

(*Id.* ¶ 21.)

5.　Plaintiff does not know the number of class members but "is informed and believes" that "there are at least 1,000 members of the Class." (*Id*. ¶ 23.)

6.　On October 29, 2025, Kohl's accepted service of the Summons and Complaint. The parties further agreed to an extension under Rule 3.110. The time for Kohl's to respond to the Complaint in the State Court Action has not expired.

2

CASE NO.
NOTICE OF REMOVAL

7.    This Notice of Removal is filed within the time prescribed under 28 U.S.C. § 1446(b).

### GROUNDS FOR REMOVAL

8.    This Court has subject matter jurisdiction over Plaintiff's claims under the Class Action Fairness Act ("CAFA").

9.    Under CAFA, codified in relevant part at 28 U.S.C. §§ 1332(d)(2) and 1453(b), this Court has original jurisdiction over this action because: (1) this is a class action where the putative class includes more than 100 members; (2) there is minimal diversity of citizenship; and (3) the amount in controversy exceeds $5,000,000.

10.    "No antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Id.* (quoting S. Rep. No. 109-14, p. 43 (2005)).

### This Is a "Class Action" With More Than 100 Putative Class Members

11.    This action meets CAFA's definition of a class action, which is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule or judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

12.    Plaintiff's putative class includes more than 100 members. Plaintiff affirmatively alleges "that there are at least 1,000 members of the Class." (Compl. ¶ 23.)

### There Is Minimal Diversity of Citizenship

13.    There is minimal diversity of citizenship among the parties. Minimal diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *Arias v. Residence Inn by*

3

*Marriott*, 936 F.3d 920, 922 (9th Cir. 2019).

14.    For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges that she a resident of California. (Compl. ¶ 9.)  Further, all Class Members would be citizens of California. (*Id.* ¶ 21.)

15.    For removal purposes, a corporation is a citizen of both its state of incorporation and the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1).  The principal place of business is defined as the corporation's headquarters, "provided that the headquarters is the actual center of direction, control, and coordination." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).  Here, Kohl's is a Delaware corporation with its principal place of business in Wisconsin.

16.    Kohl's is, therefore, a citizen of Delaware and Wisconsin for purposes of CAFA and is therefore diverse from Plaintiff and all putative Class Members.

**The Alleged Amount in Controversy Exceeds $5,000,000**

17.    The amount in controversy requirement under CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2).  For purposes of determining the amount in controversy, CAFA expressly requires that "the claims of the individual class members shall be aggregated."  28 U.S.C. § 1332(d)(6).

18.    The bar for establishing the amount in controversy is low—the notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Owens*, 574 U.S. at 89.  When a plaintiff "is seeking recovery from a pot that Defendant has shown could exceed $5 million," the amount in controversy is satisfied for purposes of CAFA jurisdiction. *Lewis v. Verizon Comm'ns, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010).

19.    Kohl's denies the validity and merit of Plaintiff's claim, the legal theories upon which it is based, and that Plaintiff and the putative class are entitled to

4

CASE NO.
NOTICE OF REMOVAL

any alleged claim for monetary or other relief. Solely for the purposes of removal, however, and without conceding that Plaintiff or the putative class is entitled to damages, the aggregated claims alleged on behalf of the putative classes establish that the amount in controversy exceeds the jurisdictional minimum of $5,000,000.

20. Plaintiff in her Complaint alleges that she "and all class members who have received the same or similar spam are each entitled to liquidated damages of $1,000 **per e-mail**," at a maximum of "one million dollars" per class member. (Compl. ¶¶ 20, 33 (emphasis added).) Indeed, the class definition is not limited to any particular email that Plaintiff allegedly received or even emails sent by Kohl's itself; rather, it is defined to include "any commercial email . . . with a misleading subject line promoting any discount at Kohl's." (*Id.* ¶ 21.)

21. Plaintiff affirmatively alleges that she is "informed and believes, and thereon, alleges that there are at least 1,000 members of the Class" that fall within this definition. (*Id.* ¶ 23.) Moreover, because damages under the Anti-Spam Statute accrue "per e-mail" rather than per claimant, if any class members receive multiple emails, those too would count toward the amount in controversy.

22. Thus, while Kohl's expressly denies that it sent or caused to be sent any emails with misleading subject line or without direct consent, or that it violated the Anti-Spam statute in any way, if just 5,000 class members allege that they received an email "promoting any discount at Kohl's" statutory damages could exceed $5 million. Similarly, if 1,000 class members each received 5 emails—or any permutation such that there were 5,000 emails allegedly received in the aggregate— the amount in controversy would be satisfied on that basis alone.

23. Moreover, Plaintiff seeks an award of all "attorneys' fees and costs as allowed by law." (Compl. ¶ 33.) Attorneys' fees are authorized under the Anti-Spam Statute. Cal. Bus. & Prof. Code § 17529.5(b)(1)(C) (authorizing recovery of attorney's fees for "prevailing plaintiff").

5

CASE NO.
NOTICE OF REMOVAL

24.    Plaintiff's Counsel are likely to expend significant time on this matter due to nature of the purportedly false emails, as well as the fees, briefings, and other expenditures associated with Plaintiff's class allegations.  (*See* Compl. ¶¶ 21–28.) These too should be included in the amount in controversy.  *See Fritsch v. Swift Transp. Co. of Ariz., LLC,* 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").

25.    Kohl's denies that Plaintiff is entitled to any monetary, equitable, or other damages whatsoever, nor is Plaintiff entitled to attorneys' fees, but the potential for each form of damages alleged would elevate the amount in controversy well above the $5,000,000 CAFA statutory minimum.

## REMOVAL IS PROCEDURALLY PROPER

26.    Removal is timely because Kohl's filed this notice within thirty days of accepting service of the Summons and Complaint.  *See* 28 U.S.C. § 1446(b)(1).

27.    Removal to this Court is proper because the United States District Court for the Southern District of California embraces the location where the State Court Action was commenced and is pending—San Diego, California.  *See* 28 U.S.C. §§ 89(b), 1441(a).

28.    Kohl's submits with this notice a copy of all process, pleadings, and orders served upon it in this action as **Exhibit B**.  *See* 28 U.S.C. § 1446(a).

29.    Kohl's will provide prompt written notice to Plaintiff, through counsel, of this removal, in accordance with 28 U.S.C. § 1446(d).

30.    Kohl's will promptly file a copy of this notice of removal with the Clerk of the Superior Court of the State of California in and for the County of San Diego in accordance with 28 U.S.C. § 1446(d).

CASE NO.
NOTICE OF REMOVAL

DATED: November 26, 2025

KELLEY DRYE & WARREN LLP
Rebecca B. Durrant (SBN 350444)

By:   */s/ Rebecca B. Durrant*
        Rebecca B. Durrant

*Attorneys for Kohl's, Inc.*

7

CASE NO.
NOTICE OF REMOVAL